UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-0046

FILED IN CLERK'S OFFICE
2004 MAY 13  A 11: 50

U.S. DISTRICT COURT
DIST. OF MASS.

| | |
|---|---|
| DONALD J. RICHARD<br>Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| INDUSTRIAL COMMERCIAL<br>ELECTRICAL CORPORATION, INC.<br>Defendant | )<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND COUNTERCLAIM

Defendant Industrial Commercial Electrical Corporation, Inc. ("ICE" or "Company") hereby Answer Plaintiff's verified Complaint as follows:

1) The Plaintiff's residence does not bear upon his claims as outlined in his Complaint. Therefore, Defendant neither admits or denies the assertion contained in paragraph one of Plaintiff's Complaint. To the extent that Plaintiff's paragraph one attempts to make any other implication other than Plaintiff's identification and residence, Defendant is without knowledge or information sufficient to form a belief as to the truth of the implication and, therefore, denies the averment pursuant to FRCP 8(b).

2) Defendant admits that it operates as a domestic corporation in Massachusetts and maintains its principle place of business in Hopedale, MA.

3) Insofar as paragraph three of Plaintiff's Complaint alleges conclusions of law, no answer is required. Insofar as this paragraph attempts to incorporate any other facts, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the facts alleged and therefore, pursuant to FRCP 8(b), denies the facts alleged.

4) Insofar as this paragraph alleges conclusions of law, no answer is required. Insofar as this paragraph attempts to incorporate any other facts, Defendant does not have knowledge or information sufficient to form a belief as to the

1

truth of the facts alleged and therefore, pursuant to FRCP 8(b), denies the facts alleged.

5) Upon information and belief, Plaintiff became an employee of the Defendant on April 21, 2003. Defendant does not have knowledge or information sufficient to form a belief as to the Plaintiff's employer prior to April 21, 2003. Defendant does not have knowledge or information as to Plaintiff's title while an employee of the Defendant, but as Plaintiff did not have an electrician's license, Defendant would likely have been called a technician.

6) Defendant admits that Karl Walsh serves as a Director of ICE. As to the paraphrase Plaintiff attempts to mislead as a direct quote, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the facts alleged and therefore, pursuant to FRCP 8(b), denies the facts alleged. Defendant does admit that Mr. Walsh put Plaintiff on notice that Plaintiff risked losing his job if Plaintiff did not supply information as to what he did with Company property that Plaintiff had removed from ICE and where he had spent his time for which Plaintiff had received recompense from the Company.

7) Defendant does not have knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 7 and therefore, pursuant to FRCP 8(b), denies the facts alleged. Defendant does admit that Mr. Walsh put Plaintiff on notice that Plaintiff risked losing his job if Plaintiff did not supply information as to what he did with ICE's property that Plaintiff had removed from ICE and where he had spent his time for which Plaintiff had received recompense.

8) Defendant admits that Plaintiff received a family health insurance plan that the Defendant's offered to its employees.

9) Defendant admits that Plaintiff went to the Company offices to pick up his paycheck and that Attorney Burns identified himself as the Company's attorney. Defendant admits that it terminated Plaintiff's employment for removing property from the Company with the intent to deny the rightful owners the use thereof. Defendant admits that it does not intend to offer

Plaintiff Cobra as Plaintiff's termination resulted from gross misconduct. Defendant admits that that Plaintiff does not believe that he did anything wrong in: a) removing Company property with the intent to deprive the owners the use thereof, b) submitting a time sheet that did not accurately convey where he had spent his time, c) accepting recompense from his employer based on a fraudulent time sheet and d) failing to properly answer a lawful question from a director of the Company.

10) Defendant admits that it and that Attorney Burns knew Plaintiff's spouse has health issues. As for the exact nature of those issues, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the facts alleged in paragraph 10 and therefore, pursuant to FRCP 8(b), denies the facts alleged.

11) Defendant denies that it never criticized Plaintiff's work performance. Plaintiff removed Company property without disclosing to a director of the Company what Plaintiff did with the property. Plaintiff lied on a time sheet and received recompense. Plaintiff accepted funds for work performed and did not remit the same to his employer. Plaintiff accepted these funds during time for which he also received recompense from his employer. Mr. Karl Walsh criticized Plaintiff for his actions and Plaintiff's actions rise to the level of gross misconduct.

12) Defendant denies that Plaintiff's termination was arbitrary and capricious. Plaintiff knew that his employment turned on his being honest, forthright and loyal to his employer, Industrial Commercial Electrical Corporation, Inc. Plaintiff refused to reveal his whereabouts during time for which he received recompense from his employer. Plaintiff refused to disclose the location of Company property which he had taken. Had Plaintiff disclosed what he had done, Defendant would have kept him in employment. Plaintiff's refusal to be forthright and honest not only shows that Defendant had a right to terminate Plaintiff's employment, but that Defendant had a duty to terminate him so as to put other employees on notice that the Defendant will not tolerate

13)     disloyalty. Plaintiffs actions rise to the level of gross misconduct thereby not entitling Plaintiff to COBRA benefits pursuant to 29 U.S.C. 1161(a).

13)     Defendant denies that Plaintiff's termination "was not based upon any 'gross misconduct.'" Defendant terminated Plaintiff for: a) theft, b) fraud, and c) insubordination. Each of the actions Plaintiff engaged in rises to the level of gross misconduct.

14)     Defendant denies that that the termination or threat to terminate Plaintiff's medical benefits constitutes irreparable harm to the Plaintiff.

15)     Defendant denies that Plaintiff does not have an adequate remedy at law.

16)     Defendant denies that Plaintiff will succeed on the merits.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

17)     Plaintiff has failed to state a claim against the Company upon which relief may be granted.

### Second Affirmative Defense

18)     Plaintiff seeks relief against the Company for acts or omission on the part(s) of other person(s) for whose conduct Defendant does not bear responsibility.

### Third Affirmative Defense

19)     The appropriate statute of limitations bars this action.

### Fourth Affirmative Defense

20)     The doctrine of waiver bars this action.

### Fifth Affirmative Defense

21)     The doctrine of estoppel bars this action.

### Sixth Affirmative Defense

22)     The doctrine of laches bars this action.

### Seventh Affirmative Defense

23) Any damage for which Richard's seeks relief arises from Richard's own acts for which the Company does not have responsibility.

### Eight Affirmative Defense

24) Richard's seeks relief barred under 29 U.S.C. 1161(a).

### Ninth Affirmative Defense

25) Plaintiff did not properly serve the Defendant with service in this matter in accordance FRCP 4. As a result, the Court should dismiss Plaintiff's Complaint.

## COUNTERCLAIM

### Count I
(First Counterclaim of Company against Richard for Breach of Contract)

26) Defendant hereby incorporates paragraphs 1 – 16 of Plaintiff's Verified Complaint with Request for Injunctive Relief and paragraphs 1 – 25 of Defendants Answer to Plaintiff's Verified Complaint and Counterclaim.

27) As an employee of the Company, Richard had a duty of loyalty to the Company, an inherent covenant in all contracts.

28) When Richard's failed to disclose what he had done with Company property upon the request of a Director of ICE, he committed breach of contract.

29) When Richards failed to disclose where he had spent his time for which he had received recompense from the Company, he committed breach of contract.

30) Upon information and belief, Richard indicated to Mr. Karl Walsh that Richards "had received payment under the table for work performed." Failing to remit funds for which he had earned while on the Company payroll constitutes breach of contract.

31) As a result of Plaintiff's actions, Defendant has suffered damages.

## Count II
(Second Counterclaim of Defendant against Plaintiff for Conversion)

32) Defendant hereby incorporates paragraphs 1 – 16 of Plaintiff's Verified Complaint with Request for Injunctive Relief and paragraphs 1 – 31 of Defendants Answer to Plaintiff's Verified Complaint and Counterclaim.

33) Plaintiff intentionally removed office partitions and workspaces from Defendant's premises.

34) Office partitions and workspaces constitute personal property.

35) Upon information and belief, Plaintiff has converted other property to his own use.

36) Plaintiff, according to his Complaint, worked as a data technician to service customers. Plaintiff had no reason to possess the personal property taken at the time he removed it.

37) Upon information and belief, the property taken exceeds $250 (two hundred fifty and 00/100 dollars).

38) Plaintiff's actions have damaged the Defendant.

## Count III
(Third Counterclaim of Defendant against Plaintiff for Breach of Duty of Loyalty)

39) Defendant hereby incorporates paragraphs 1 – 16 of Plaintiff's Verified Complaint with Request for Injunctive Relief and paragraphs 1 – 38 of Defendants Answer to Plaintiff's Verified Complaint and Counterclaim.

40) Defendant provided Plaintiff with a good wage, paid half of his medical insurance and supplied him with a $115 per week car allowance, among other things, during the time the Defendant employed the Plaintiff.

41) In exchange for these items, Plaintiff supplied the Company with his labor. Underlying the entire relationship, however, the Defendant owed the Plaintiff as duty of loyalty and the Plaintiff owed the Defendant a reciprocal duty of loyalty.

42) As part of that duty of loyalty, Plaintiff had a duty to properly account for Company materials, his time and to answer questions of a corporate officer.

43) Plaintiff committed breach of his duty of loyalty when he removed materials from the Company with the intent to permanently deprive the rightful owner thereof, intentionally misrepresented where he had spent his time, received payment for work performed for which the Company also provided recompense and refused to answer the questions of a corporate officer relating to Plaintiff's activities during Company time.

44) Plaintiff's breach of the duty of loyalty owed to his employer has damaged the Company.

Count IV
(Fourth Counterclaim of Defendant against Plaintiff for Fraud)

45) Defendant hereby incorporates paragraphs 1 – 16 of Plaintiff's Verified Complaint with Request for Injunctive Relief and paragraphs 1 – 44 of Defendants Answer to Plaintiff's Verified Complaint and Counterclaim.

46) When Plaintiff submitted his time sheet for the week ended March 22, 2004, he falsely represented where he had spent his time.

47) Acting in reliance upon that time sheet as true, Defendant paid Plaintiff his proper wage and car allowance.

48) Plaintiff knew where he had worked, but nevertheless, submitted a false time sheet in order to induce the Defendant to remit to Plaintiff his proper wage and car allowance.

49) In short, Plaintiff's actions constitute fraud and have damaged the Defendant.

**RELIEF REQUESTED**

WHEREFORE, Industrial Commercial Electrical Corporation, Inc., asks this Court to enter the following relief:

A. To Dismiss Plaintiff's Complaint and enter judgment in favor of the Defendant, Industrial Commercial Electrical Corporation, Inc., and including an award of Defendant's attorney fees and costs;

B. Enter judgment in favor of Defendant on Counterclaim Count One ("First Counterclaim of Company against Richard for Breach of Contract") for the

full amount of such judgment plus an award to the Defendant for its costs of defense including attorney's fees and costs;

C. Enter judgment in favor of Defendant on Counterclaim Count Two ("Second Counterclaim of Defendant against Plaintiff for Conversion") for the full amount of such judgment, including punitive damages, plus an award to the Defendant for its costs of defense including attorney's fees and costs;

D. Enter judgment in favor of Defendant on Counterclaim Count Three ("Third Counterclaim of Defendant against Plaintiff for Breach of Duty of Loyalty") for the full amount of such judgment, including punitive damages, plus an award to the Defendant for its cost of defense including attorney's fees and costs.

E. Enter judgment in favor of Defendant on Counterclaim Count Four ("Fourth Counterclaim of Defendant against Plaintiff for Fraud") for the full amount of such judgment, including punitive damages, plus an award to the Defendant for its costs of defense including attorney's fees and costs.

Defendant,
By its attorney,

William J. Burns
BBO# 637538
1001 North Main Street #8
Randolph, MA 02368
(781) 961-6787

### CERTIFICATE OF SERVICE

I, William J. Burns, attorney for the Defendant, hereby certify that I served a true copy of the above document upon the Plaintiff, through his attorney, by facsimile to 508-799-0478, Plaintiff's preferred mode of service, on May 17, 2004.

William J. Burns