UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 19 P 2: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DONALD J. RICHARD<br>   Plaintiff<br><br>v.<br><br>INDUSTRIAL COMMERCIAL<br>ELECTRICAL CORPORATION<br>   Defendant | CIVIL ACTION NO.<br>04-40066-NMG |

## MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

### INTRODUCTORY STATEMENT

The Plaintiff, Donald J. Richard was employed by the Defendant, Industrial Commercial Electrical Corporation (ICE) as a Data Technician until April 16, 2004 when he received notice of his termination. By letter dated May 5, 2004, , Mr. Richard was notified that his termination for gross misconduct i.e. for "stealing," and therefore he was ineligible for continuing coverage under COBRA.[1] The Plaintiff denied stealing, that he did anything wrong or engaged in any misconduct. Mr. Richard contends that his termination was arbitrary and capricious and that he is entitled to the COBRA benefits. Mr. Richard's dependent wife has Multiple Sclerosis, Chronic Pulmonary Disease, depression and PTSD. She requires substantial medication and medical care which the Defendant was at all times aware of.

---

[1] 29 U.S.C. § 1163 provides in relevant part: For purposes of this part, the term "qualifying event" means, with respect to any covered employee, any of the following events which, but for the continuation coverage required under this part, would result in the loss of coverage of a qualified beneficiary:
(2) The termination (other than by reason of such employee's gross misconduct), or reduction of hours, of the covered employee's employment.

1

## MR. RICHARD HAS FULFILLED THE REQUIREMENTS FOR THE ISSUANCE OF A PRELIMINARY INJUNCTION

1. Irreparable harm will occur unless a Preliminary Injunction issues. In this respect the threat of termination of medical benefits in this case constitutes irreparable harm. Money damages would be insufficient to remedy the harm caused by lack of medical insurance. The Richard family must have medical insurance to afford Mrs. Richard's medical treatment. Further, in all likelihood because of Mrs. Richard's preexisting condition, she may very well be uninsurable. The loss of insurance benefits would represent a financial disaster and possibly depravation of life necessities and constitutes irreparable harm. See *United Steel Workers of America vs. Textron, Inc. 836 F. 2d. 6, 8 (Ist. Cir. 1987); Communication Workers of America, District 1, AFL-CIO v. NYNEX Corp. 898 F. 2d 887, 891 (2d Cir.1990).* Clearly, the threat of termination of medical benefits constitutes irreparable harm which is not compensable with monetary remedies. *Cabral v. Olsten Corp. 843 F. Supp. 701, 703(1994).*

2. There is substantial likelihood that Mr. Richard will succeed in the merits . Mr. Richard contends that his termination was arbitrary and capricious. He denies that he ever did anything wrong or was guilty of stealing. In this respect it is significant to note that the following events led up to his termination.

On April 16, 2004, the Plaintiff was told in substance by Karl Walsh, a Director of ICE that "he must tell him where David Le Blanc (David Le Blanc was the Chief Operating Officer of ICE) lives---and if I like my job, and you know what is good for you, you will bring me down to Dave's house---."

The Plaintiff responded "I am not taking you down there, it is not my responsibility to tell you where Dave lives." Walsh then told the Plaintiff "if you like your job and you know what is good for you, you will bring me to Dave's house." Shortly thereafter, the Plaintiff was called on his "cell" phone and was told by Walsh "If I don't hear from you in ten minutes consider yourself terminated." The Plaintiff did not call back and was terminated. Finally, during his employment Mr. Richard's performance was never criticized. To prevail and deny "COBRA" benefits, the Defendant must demonstrate that the employee (Richard) did engage in gross misconduct which can not be concluded at this stage of the proceeding. *Kariotis v. Navistar Intern Transp. Corp., 131 F3d 672, 680( 1997)*. Moreover, the Court need not weigh conflicting arguments. It is only necessary that the Court could find a likelihood of success for Mr. Richard. *United Steel Workers of America v. Textron, Inc. supra at 10*. All inferences or fact should be made in favor of the Plaintiff. *Cotte v. Cooperativa DE Ahorro Y Credito Yobucoena 77 F. Supp. 2d 237, 241 (1999)*. Based upon Mr. Richard's Affidavit and verified Complaint the Court could find that Mr. Richard will prevail. He will likely be successful in proving that ICE acted arbitrarily and capriciously in terminating his employment, and he did not engage in any gross misconduct.

3. The proposed injunction will do no damage to ICE. Continuing insurance coverage under COBRA will be cost free to ICE since the Plaintiff must pay the full premium together with an administrative fee.

4. The issuance of injunctive relief would not disserve the public interest. COBRA is a remedial statute to provide insurance coverage to terminated employees and

their families, and is only withheld under certain limited circumstances. See *Cabral v. Olsten Corp., supra* at 704.

## CONCLUSION

Where as here, the injury to Mr. Richard is severe enough, the absence of harm to ICE is clear enough and there is a likelihood of success by Mr. Richard, injunctive relief should be granted until this case is decided on the merits.

Respectfully submitted
Donald J. Richard

By his attorney

_____
Robert Weihrauch  BBO# 519240
446 Main Street 20th floor
Worcester, MA 01608
508-752-7549
BBO# 519240

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH (OTHER) PARTY BY MAIL ON May 19, 04
SIGNATURE _____

4