# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-0046

2004 JUL 19  P 4: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DONALD J. RICHARD | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| INDUSTRIAL COMMERCIAL | ) |
| ELECTRICAL CORPORATION, INC. | ) |
| Defendant | ) |

## DEFENDANT'S WITNESS LIST AND EXHIBIT LIST

### Witness List

Mr. Michael Scanlon        PO Box 987, Worcester, MA 01613

Mr. Karl Walsh        PO Box 987, Worcester, MA 01613

Defendant will have several rebuttal witnesses that it will call should it become necessary based upon the testimony of Plaintiff's witnesses.

### Exhibit List

1.    Bill of Sale to Tremont Holdings approved by the Bankruptcy Court.

2.    Donald Richard's time sheet for the week ended March 20, 2003.

3.    Donald Richard's mileage log for the week ended March 20, 2003.

4.    Letter of termination to Don Richard dated May 5, 2004.

Defendant,
By its attorney,

William J. Burns
BBO# 637538
1001 North Main Street #8
Randolph, MA 02368
(781) 961-6787

1

## CERTIFICATE OF SERVICE

I, William J. Burns, attorney for the Defendant, hereby certify that I served a true copy of the above document upon the Plaintiff, through his attorney, by facsimile to 508-799-0478, as well as by first class mail on July 19, 2004.

William J. Burns

# BILL OF SALE

INDUSTRIAL COMMERCIAL ELECTRICAL, INC., I.C.E. MANAGEMENT CORP., I.C.E.-CONN, INC. of 6 Short Street, Worcester, Massachusetts pursuant to the United States Bankruptcy Court Order dated April 18, 2003 Docket No. 02-45451-JBR transfer all of its right, title and interest in the assets of Industrial Commercial Electrical, Inc., I.C.E. Management Corp., I.C.E.-Conn, Inc. listed below in consideration of $295,000.00 to TREMONT HOLDING CORPORATION, INC of << ADDRESS >> . 1203 South River St, Marshfield, MA 02050

ASSETS SOLD:

1.    All of the assets as defined in Section No. 1, Definitions, "Purchased Assets" of "Asset Purchase Agreement" dated March 31, 2003, as Amended on April 2, 2003, approved by the U.S. Bankruptcy Court on April 18, 2003 which Agreement is attached hereto as "Exhibit "A" and incorporated herein and made a part hereof by reference.

## THIS SALE IS WITHOUT RECOURSE. THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED. THE TRANSFERREE ACCEPTS THE PROPERTY TRANSFERRED AS IS, WHERE IS.

SELLER
INDUSTRIAL COMMERCIAL ELECTRICAL, INC.

By: _David P. LeB____ Pres._      Date: _4/18/03_
David P. LeBlanc, President

SELLER
I.C.E. MANAGEMENT CORP.,

By: _David P. LeB____ Pres._      Date: _4/18/03_
David P. LeBlanc, President

SELLER
I.C.E.-CONN, INC.

By: _David P. LeB____ Pres-_      Date: _4/18/03_
David P. LeBlanc, President

Accepted:
TREMONT HOLDING CORPORATION, INC.

By: _William J. Brown_ Attorny in fact
for Tremont Holdings

CLERK'S OFFICE

2003 APR 17 P 3: 46

U. DISTRICT OF MASS
CY COURT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:                  ) <br> INDUSTRIAL COMMERCIAL,  ) <br> ELECTRICAL, INC. et al      ) <br>             Debtors    ) <br>                  ) | Chapter 11 <br> Case No.: 02-45451-JBR <br> Jointly Administered |

### ORDER AUTHORIZING SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS BY PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

**THIS MATTER** having come before the Court on the *Assented-To Motion Of The Debtors For Order (I) Authorizing and Approving Notice of Intended Private Sale of Substantially All Of Debtor's Assets Free and Clear of Liens, Claims, Encumbrances (II) Bidding Procedures; (III) Shortening Notice Pursuant to Fed. R. Bankr. P. 2002: (IV) Sale of Substantially All Of Debtors' Assets Free and Clear of All Lien, Claims, and Encumbrances; And (V) Scheduling Final Hearing* (the "Sale Motion"), pursuant to which Industrial Commercial Electrical, Inc., I.C.E. Management Corp., I.C.E.-Conn, Inc. (the "Debtors") seek authority to enter into and consummate the terms of an Asset Purchase Agreement as Amended (the "Agreement"), a copy of which is attached to the Sale Motion as Exhibit A, providing for the sale of substantially all of the Debtors' assets to Tremont Holding Corporation, Inc. (the "Buyer").

On April 3, 2003, the Court approved the *Amended Notice of (I) Intended Private Sale of Substantially All Of Debtors' Assets Free and Clear of All Liens, Claims, And*

*Encumbrances; (III) Deadline for Filing and Serving Objections And/Or Higher And Better Offers; And (IV) Final Hearing on Debtors' Motion to Authorize and Approve Sale of Substantially All of Debtors' Assets Free and Clear of All Liens, Claims, And Encumbrances.* (the "Notice of Private Sale").

On April 18, 2003, the Court held a hearing on the Sale Motion (the "Sale Hearing"). Unless otherwise defined herein, capitalized terms set forth in this Order shall have the same meanings ascribed to them in the Agreement.

**NOW, THEREFORE,** based upon all of the evidence, including evidence proffered or adduced at the Sale Hearing, objections, representations and arguments of counsel in connection with the Sale Motion, and offers of proof on the record, and upon the entire record of the Sale Hearing and of the Chapter 11 case of the Debtor, and after due deliberation thereon, and good cause appearing therefor, it is hereby FOUND that:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and vice versa.

B.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1134.

C.    Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408(a) and 1409(a).

2

D.    Determination of the Sale Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (N).  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 363, Fed. R. Bankr. P. 6004 and 9014, and MLBR 6004-1(a).

E.    On September 6, 2002 (the "Petition Date"), the Debtors commenced these cases by filing separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Since that time, the Debtors have continued in the possession of their assets as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

F.    On September 6, 2002, the Court granted the Debtors' motion for an order approving joint administration of the Debtors' cases.

G.    On September 11, 2002, the Court ordered that the Office of the United States Trustee appoint an examiner with expanded powers in the Debtors' cases, after which the Office of the United States Trustee appointed Mr. Stephen F. Wentzell to be the examiner with expanded powers in the Debtors' cases (the "Examiner") who was vested with general oversight authority over the operation and management of the Debtors' businesses.

H.    On September 13, 2002 the United States Trustee formed the Committee pursuant to Bankruptcy Code § 1102. The Committee consists of the following unsecured creditors of the Debtors' estates:  (i) Webster Electrical Supply; (ii) Graybar Electric Co., Inc.; (iii) United Rentals; and (iv) Global Technologies, Inc.

I.    On March 20, 2003, after various efforts to solicit an offer for the purchase of the assets, the Debtors have received an offer from Buyer for the purchase thereof.  On

or about April 2, 2003, the Debtors and Buyer entered into an Asset Purchase Agreement, as Amended.

J.      The Sale Motion of the Debtors filed with the Court on April 2, 2003 having come on for hearing before the Court on April 18, 2003 after due notice to the Debtor, to all parties in interest, including all creditors, shareholders, any parties evidencing an interest in purchasing some or all of the assets, counsel to the Official Committee of Unsecured Creditors, the individual committee members and to the United State Trustee, and a Notice of Intended Sale having been approved by this Court and having been mailed to all the above-listed parties, it is hereby ORDERED, ADJUDGED AND DECREED that:

1)      Buyer has made an offer to purchase the Purchased Assets and has deposited $100,000 with Counsel to the Debtors.

2)      In the event that such amounts have not been paid prior to the entry of this Order, Buyer, shall immediately pay to Debtors, in addition to all other amounts required to be paid by Buyer under the Agreement, any and all amounts required to be paid by Buyer to Debtors pursuant to Section 4(a) of the Agreement.

3)      No other person or entity has filed a Qualified Counteroffer.

4)      The sale of the Purchased Assets to Buyer shall be made free and clear of all liens, claims, and encumbrances and other interests in the Purchased Assets. Any liens in the Purchased Assets shall attach to and be enforceable against the proceeds of the sale authorized herein to the same extent and in the same order of priority as any such lien attached to or was enforceable against the Purchased Assets.

4

5)    There are sound business reasons for the Debtors to effectuate the sale of the Purchased Assets pursuant to 11 U.S.C. § 363(b) and that such sale free and clear of all liens, claims, and encumbrances and other interests in the Purchased Assets and other monetary interests in the Purchased Assets is authorized under the provisions of § 363(b), (c), (f), and (m) of the Bankruptcy Code.

6)    The consideration payable by the Court-approved offeror constitutes payment of "value" for the Purchased Assets.

7)    Upon consummation of the sale authorized hereunder, the offeror shall be a purchaser of the Purchased Assets "in good faith" within the meaning of §363(m) of the Bankruptcy Code.

8)    Upon consummation of the sale authorized hereunder, the proceeds of the sale shall be held in escrow by Counsel to the Debtors until further order of the Court, *provided, however,* (i) that Counsel to the Debtors shall, as soon as practicable following the receipt of the Purchase Price, deliver to Flagship Bank & Trust Co. the sum of One Hundred Forty-Five Thousand Dollars ($145,000.00) as set forth in Subsections (b), (c), and (d) of Section 3.4 of the Agreement, and (ii) that funds sufficient in amount to pay in full all  allowed administrative expenses of the estates for which the Examiner may be obligated or may become obligated shall be deposited into said escrow account and, within seven (7) days of the receipt by Counsel to the Debtors of an order allowing payment of such administrative expenses of the estates,  the amount allowed by the court shall be paid directly to such administrative claimants.

9)    The minimum terms proposed for a Qualified Counteroffer for the
Purchased Assets is deemed as fair and reasonable under the particular circumstances.

10)    The sale was not controlled by an agreement among potential bidders at
such sale as referenced in 11 U.S.C. §363(n). The Debtors or their principals are not
insiders of the Buyer. The Buyer and its principals are not insiders of the Debtors.

11)    Buyer ~~is not a successor of the Company and is not subject to successor~~ *has not agreed to assume (subject to §2.3 of The Agreement)*
*any* liability for claims against the Company, whether existing at the time of Closing or arising
thereafter.

12)    Appropriate notice and opportunity to be heard with respect to the motion
and transaction contemplated have been afforded to all of the necessary parties and
otherwise satisfies the requirements of Rules 2002(a)(2) and 6004 (a) and (c) of the Federal
Rules of Bankruptcy Procedure and Rule 6004-1 of the Local Bankruptcy Rules for the
United States Bankruptcy Court for the District of Massachusetts.

13)    Based upon the findings and conclusions set forth herein, the Sale Motion is
hereby ALLOWED in all respects, and the Examiner and/or the President of the Debtors
are hereby authorized to execute and deliver on behalf of the Debtors any documents
necessary to effectuate the sale authorized and approved herein.

14)    Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy
Procedure, this Order shall become effective immediately.

*April 18, 2003*

*Joel B. Rosenthal*
*U.S. Bankruptcy Judge*

6

**Tremont Holdings Corporation, Inc.**
c/o William J. Burns, Esq.
P.O. Box 21263
Boston, Massachusetts 02106

April 2, 2003

Mr. David P. LeBlanc
Industrial Commercial Electrical, Inc.
9 Short Street
Worcester, Massachusetts 01608

Re: Asset Purchase Agreement Dated March 31, 2003

Dear Mr. LeBlanc:

On March 31, 2003, we executed a certain *Asset Purchase Agreement* by and amongst Bow Holdings, Inc., a Wyoming Corporation, as buyer, and Industrial Commercial Electrical, Inc., I.C.E. Management Corp., each a Massachusetts corporation, and I.C.E.-Conn, Inc., a Connecticut corporation, as sellers. Since the execution of this document, the owners of the buyer have decided to incorporate under the name "Tremont Holdings Corporation, Inc." rather than "Bow Holdings, Inc."

Accordingly, we request that you acknowledge and accept this revision and that you ratify and confirm that all terms and conditions of said *Asset Purchase Agreement* remain in full force and effect, as modified by this name change.

Sincerely yours,

Mark Kwedor

Mark Kwedor
President
Tremont Holdings Corporation, Inc.