United States District Court
District of Massachusetts

```
_____
                               )
DONALD J. RICHARD,             )
                               )
        Plaintiff,             )
                               )   Civil Action No.
     v.                        )   04-40066-NMG
                               )
INDUSTRIAL COMMERCIAL          )
ELECTRICAL CORPORATION,        )
                               )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

The plaintiff, Donald J. Richard ("Richard"), filed a complaint against the defendant, Industrial Commercial Electrical Corp. ("ICE"), his former employer, in May, 2004. The complaint sought equitable relief to require ICE to permit Richard to elect what is familiarly known as "COBRA coverage", a continuation of his medical benefits as provided for by the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. The defendant contends that it legally denied COBRA coverage to Richard because his termination resulted from "gross misconduct" as a consequence of which COBRA coverage may be withheld.

After a bench trial held in August, 2004, this Court ruled in favor of Richard, finding that there was no gross misconduct. The Court permitted Richard to elect COBRA coverage and awarded

-1-

him attorney's fees and costs totaling $15,422 (hereinafter "the monetary judgment").

In August, 2005, Richard sent a demand letter to defendant's counsel seeking to collect the monetary judgment. On October 18, 2005, he obtained a writ of execution from this Court for that judgment which apparently has not been satisfied. Currently pending before the Court are two *ex parte* motions for attachment by trustee process to aid Richard in realizing his monetary judgment.

The execution of Richard's judgment is governed by Massachusetts state law. See Fed. R. Civ. P. 69(a). Mass. R. Civ. P. 69 states that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise". Although Mass. R. Civ. P. 4.2 does not specifically address the availability of trustee process after a judgment has been entered, there is no indication under Massachusetts law that Richard is foreclosed from seeking post-judgment enforcement by such process.

A trustee summons ordinarily may not issue before the trustee process defendant is provided notice and an opportunity to be heard, and the court has found that the plaintiff has a reasonable likelihood of recovering a judgment equal to or greater than the amount of trustee process. See Mass. R. Civ. P. 4.2(c).

Ex parte approvals of trustee process may be entered where likelihood of the requisite success is shown and 1) the defendant is not personally subject to the jurisdiction of the court or 2) there is "clear" danger that the defendant, upon being notified in advance, will conceal or remove the goods subject to attachment or 3) there is "immediate" danger that the defendant will dissipate, damage or destroy the goods subject to trustee process. Id. at 4.2(g). A motion for an ex parte order of trustee process must be accompanied by a certificate by the plaintiff or plaintiff's counsel stating the amount of any liability insurance that is known or reasonably believed to be available to satisfy the judgment. Id. That motion must be further supported by an affidavit or affidavits that comply with Mass. R. Civ. P. 4.1(h). Id.

In this matter, Richard moves for ex parte approvals of trustee process in the amount of the monetary judgment against trustee process defendants Prism Builders ("Prism") and Citizens Bank ("Citizens").[1] Richard's judgment against ICE plainly supports a finding that the monetary judgment in this case will be equal to or greater than the amount subject to trustee process but, of course, the total amount collected from the trustee

---

[1] In his motion with respect to Prism, Richard seeks approval of an attachment sufficient to cover interest and costs in addition to the monetary judgment. It is unclear why such amounts are not also sought against Citizens.

-3-

defendants may not exceed the amount of the judgment, plus interest and costs. As a formal matter, however, Richard has not complied with the other requirements that Mass R. Civ. P. 4.2(g) imposes in order to merit <u>ex parte</u> approval.

### ORDER

In accordance with the foregoing analysis, Richard's Motions for <u>Ex Parte</u> Approvals of Attachment by Trustee Process (Docket Nos. 20 and 21) are **DENIED**, without prejudice. Richard may promptly resubmit motions that are fully compliant with Mass. R. Civ. P. 4.2(g) or, in the alternative, seek approval of trustee process in accordance with the notice and hearing requirements of Mass. R. Civ. P. 4.2(c).

**So ordered.**

                                                     /s/ Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated: February 21, 2006